[No. 6,117.]
## BUTLER *v.* BABER.

CONTRACT—MARRIED WOMAN.—Under § 167, Civil Code, while the same was in force as originally enacted, a married woman could not make a valid contract for the payment of money.

APPEAL from an order granting defendant, Fanny Baber, a new trial, in the Fourth District Court, City and County of San Francisco. MORRISON, J.

The facts are stated in the opinion.

*A. C. Searle,* for Appellant.

*S. D. Woods,* for Respondent.

Department No. 2, MYRICK, J.:

This is an action upon a promissory note signed by Fanny Baber and A. J. Baber, who were husband and wife. The note is dated March 12th, 1874. There is an indorser. The Court below rendered judgment against all the defendants; and on motion granted a new trial as to Fanny Baber, on the ground that she was a married woman at the time the note was executed, and not liable thereon. From this order plaintiff appealed.

At the time the note was executed, § 167 of the Civil Code read thus: " A wife cannot make a contract for the payment of money."

The effect of this section is claimed to be modified by §§ 158, 159, 162, 171, and 1556, Civil Code, and § 370, Code of Civil Procedure.

We do not see that the sections referred to at all modify § 167. Those sections refer to property, and authorize the wife to make contracts relating thereto, and to pursue her remedy, in cases where theretofore she had not the power to act by herself.

It is true that under § 17, Code of Civil Procedure, the words " personal property " include money; which is claimed to place money within § 158 of the Civil Code, and so authorize a married woman to make a contract in reference to money—*i. e.,*

to pay money; but as § 167, as above quoted, refers to that very subject, directly, it will prevail over any inference that might otherwise be drawn from other sections, and withdraws money from the effect of the word property, as used in § 158, Civil Code.

We are of opinion that during the time § 167, as above quoted, was in force, she had no power to execute the note in question.

Order affirmed.

THORNTON, P. J., and SHARPSTEIN, J., concurred.